# United States Court of Appeals
# for the Fifth Circuit

No. 20-60316

United States Court of Appeals
Fifth Circuit
**FILED**
May 28, 2021
Lyle W. Cayce
Clerk

Larry Pointer, III,

*Petitioner—Appellant*,

*versus*

Marshal Turner,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:17-CV-56

ORDER:

Larry Pointer III, Mississippi prisoner # 196074, was convicted of murder and aggravated assault. He moves for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c). Relevant to this inquiry, he argues that his trial counsel rendered ineffective assistance of counsel by failing to test DNA evidence, failing to have the 911 recording transcribed, and allowing him to be convicted based on perjured testimony. The district court denied relief on the merits.

To obtain a COA, Pointer must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Where the district court denies relief on the merits,

§ 2253(c)(2) requires the applicant to show that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. 473, 484 (2000). And it is not enough that the constitutional claim standing alone is debatable; the applicant also must show that the district court's application of *the relitigation bar* to that claim was debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2254(d).

Pointer fails to show that any of his three claims for ineffective assistance of counsel can meet these standards. His DNA-testing claim is different from the one he raised in the district court, so he cannot get a COA on it here. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018). His 911-call claim fails because trial counsel played the 911 call to the jury, so it is unclear what added benefit could come from the transcript. Nor is it clear how a transcript of the 911 call would help Painter's self-defense argument given his later confession to the police that he might've stabbed his victim "too many times" (more than two dozen). And his perjured-testimony claim fails because, as the state court determined, his trial lawyer competently challenged the witness's credibility.

Painter's COA application is therefore DENIED.

_____
ANDREW S. OLDHAM
*United States Circuit Judge*



Certified as a true copy and issued
as the mandate on **Jun 21, 2021**

Attest:
**Clerk, U.S. Court of Appeals, Fifth Circuit**